IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-661-FL

| | |
|---|---|
| SIDNEY B. HARR, M.D., and CRYSTAL GAIL MANGUM (#0801264), <br><br>               Plaintiffs,<br><br>      v.<br><br>SANTANA DEBERRY, J.D. Durham District Attorney,<br><br>               Defendant. | ORDER |

This matter is before the court upon defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE 11), and plaintiffs' motions to compel issuance of subpoenas and for summary judgment (DE 17, 19). The issues raised are ripe for ruling. For the following reasons, defendant's motion is granted and plaintiffs' motions are denied.

## STATEMENT OF THE CASE

Plaintiffs commenced this civil rights action November 22, 2024, to remedy alleged violations of their due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, violations of North Carolina State Bar Rule 3.8, and obstruction of justice in a state court prosecution against plaintiff Crystal Gail Mangum (#0801264) ("Mangum"), "State of North Carolina v. Crystal Mangum, case no. 11-cv-02607," for which Mangum presently is serving a term of imprisonment in North Carolina. (Compl. (DE 1) at 1). Plaintiffs seek injunctive relief in the form of orders compelling defendant Santana Deberry, J.D. ("Deberry"), who is the district attorney for Durham County, to "hold a hearing in open court to address issues of [plaintiff

Mangum's] conviction," to compel defendant and plaintiff Sidney B. Harr, M.D. ("Harr") "to attend the hearing and allow witnesses," to record the hearing, and to "compel [Deberry] to prove [Mangum] committed or vacate her conviction." (Id. at 24).

Defendant filed the instant motion to dismiss, on the basis of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiffs responded in opposition and filed the instant motions to compel issuance of subpoenas and for summary judgment (DE 17, 19). The court stayed scheduling conference activities March 25, 2025, pending decision on the motion to dismiss.

## COURT'S DISCUSSION

A. Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[1] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

Defendant argues that the instant action must be dismissed for lack of subject matter jurisdiction because plaintiffs cannot establish Article III standing. Defendant also argues that plaintiffs fail to state a claim upon which relief can be granted, for multiple reasons. Because the court agrees dismissal is warranted due to lack of standing, the court does not reach the additional grounds raised for dismissal.

"To establish standing, . . . a plaintiff must demonstrate (i) that [he or] she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024). "By requiring the plaintiff to show an injury in fact, Article III standing screens out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action." Id. at 381.

In addition, a "plaintiff generally must assert his [or her] own legal rights and interests, and cannot rest his [or her] claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). "A federal court's jurisdiction therefore can be invoked only when the plaintiff himself [or herself] has suffered some threatened or actual injury resulting from the putatively illegal action." Id.

In this case, plaintiff Harr lacks standing because he does not allege any legally cognizable interest in compelling defendant to reopen the state court prosecution of plaintiff Mangum or otherwise take action in that state court case. See id.; Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (holding a citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

In addition, plaintiffs lack standing because they have not demonstrated redressability. "[A] plaintiff must show that the court has the power to grant the plaintiff's requested relief, and that such relief would redress the plaintiff's injury." Buscemi v. Bell, 964 F.3d 252, 259 (4th Cir. 2020). Here, plaintiffs have not shown that the court has the power to grant the requested relief, in the form of orders compelling defendant to "hold a hearing in open court to address issues of [plaintiff Mangum's] conviction," to compel defendant and Harr "to attend the hearing and allow witnesses," to record the hearing, and to "compel [Deberry] to prove [Mangum] committed or vacate her conviction." (Compl. at 24).

The court lacks authority to grant the relief requested due to the Rooker-Feldman doctrine and Heck v. Humphrey. See Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under the Rooker-Feldman doctrine, this court lacks authority to review or invalidate the state court prosecution of Mangum based upon the grounds asserted. In substance plaintiffs impermissibly "seek[ ] redress in the federal district court for the injury caused by the state-court decision[s]" in the underlying state court prosecution and post-conviction proceedings. Davani v. Virginia Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006). Heck also bars relief because "success in [this] action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Moreover, Eleventh Amendment immunity bars the remedy

sought against defendant, because "when the essence is considered, the only presently effective relief sought for the violations claimed and conceded is quintessentially retrospective: the voiding of a final state conviction and sentence."  Republic of Paraguay v. Allen, 134 F.3d 622, 628 (4th Cir. 1998).

In sum, plaintiffs' complaint must be dismissed "without prejudice" for lack of subject matter jurisdiction.  S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).  Likewise, because the court lacks subject matter jurisdiction, plaintiffs' motions for summary judgment and for subpoenas necessarily must be denied.  See id. ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 11) is GRANTED, and plaintiffs' motions (DE 17, 19) are DENIED.  Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge